| | |
|---|---|
| ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney<br><br>MARTHA BOERSCH (CABN 126569)<br>Chief, Criminal Division<br><br>PATRICK K. O'BRIEN (CABN 292470)<br>Assistant United States Attorney<br><br>    450 Golden Gate Avenue, Box 36055<br>    San Francisco, California 94102-3495<br>    Telephone: (415) 436-7126<br>    FAX: (415) 436-7234<br>    Patrick.Obrien@usdoj.gov<br><br>Attorneys for United States of America | **FILED**<br><br>Sep 26 2024<br><br>Mark B. Busby<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUIS AVILA,<br><br>    Defendant. | CASE NO. 3:24-mj-71434 MAG<br><br>NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

    Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on September 25, 2024, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

    ☐    Indictment

    ☐    Information

    ☐    Criminal Complaint

    X    Other (describe) Probation Violation Petition

pending in the Southern District of California, Case Number 23-CR-00264-KSC.

    In that case (copy of probation violation petition attached), the defendant was charged with and convicted of a violation of Title 18 United States Code, Section 3 (misdemeanor accessory after the fact

to improper entry by an alien, in violation of 8 U.S.C. § 1325).

Description of Charges: Violation of various conditions of probation, including conditions prohibiting controlled substance possession and use, requiring the defendant to follow the instructions of the probation officer, and requiring the defendant to participate in drug or alcohol abuse treatment.

      The maximum penalties are as follows: Three months in prison; Five years on probation.

Respectfully Submitted,

ISMAIL J. RAMSEY
UNITED STATES ATTORNEY

Date: <u>September 25, 2024</u>

*/s/ Patrick O'Brien*
PATRICK K. O'BRIEN
Assistant United States Attorney

PROB 12C
(06/17)

October 23, 2023
pacts id: 8395453

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Luis Avila (English)  **Dkt. No.:** 23CR00264-001-KSC

**Reg. No.:** 07295-506

**Name of Sentencing Judicial Officer:** The Honorable Karen S. Crawford, U.S. Magistrate Judge

**Original Offense:** 18 U.S.C. §§ 3 Accessory After the Fact, a Class B misdemeanor.

**Date of Sentence:** June 20, 2023

**Sentence:** One (1) year' probation. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On September 7, 2023, conditions were modified to include participate in a program of drug or alcohol abuse treatment and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**Type of Supervision:** Probation  **Date Supervision Commenced:** June 20, 2023

**Asst. U.S. Atty.:** James Redd  **Defense Counsel:** Veronica Portillo-Heap
(Appointed)
(619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

### PETITIONING THE COURT
### TO ISSUE A NO-BAIL BENCH WARRANT

RECEIVED U.S. MARSHALS-S/CA 2023 OCT 26 PM 1:18

Case 3:23-cr-00264-KSC Document 76 (Court only) Filed 10/26/23 PageID.239 Page 2
Case 3:24-mj-71434-MAG Document 1 Filed 09/26/24 Page 4 of 8 or 6

PROB 12(C)  
Name of Offender: Luis Avila  
Docket No.: 23CR00264-001-KSC  
October 23, 2023  
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |

**(Mandatory Condition)**
The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

1. On or about August 20, 2023, Mr. Avila used a controlled substance, marijuana, as evidenced by his admission to the probation officer on August 22, 2023.

2. On August 31, September 28, October 4 and 5, 2023, Mr. Avila failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the Untied States Probation Officer, as required.

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

***Grounds for Revocation:*** As to Allegation 1, Mr. Avila reported to the U.S. Probation Office on August 21, 2023, and submitted a urine specimen which screened positive for cannabinoids. On August 22, 2023, Mr. Avila admitted to the probation officer that he used marijuana on August 20, 2023.

As to Allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms that on the above dates, Mr. Avila failed to submit a urine sample, as required. On August 22, 2023, the probation officer reviewed written instructions for drug testing with Mr. Avila, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Avila was instructed to call the drug testing line after 8:15pm the day before each drug testing day to hear if he was to report for testing, and report for testing if instructed in the automated testing line. Testing days are Monday through Friday.

**(Special Condition)**
Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

3. On September 8, 2023, Mr. Avila failed to attend and participate in outpatient drug abuse treatment at McAlister Institute, Inc., as directed by the probation officer.

***Grounds for Revocation:*** As to Allegation 3, On August 22, 2023, Mr. Avila was directed to enroll into outpatient drug abuse treatment at McAlister Institute, Inc. by September 9, 2023. On October 13, 2023, the probation officer confirmed with McAlister Institute, Inc. that Mr. Avila never contacted or enrolled in their program, as directed.

Case 3:23-cr-00264-KSC   Document 76 (Court only)   Filed 10/26/23   PageID.240   Page 3
of 6
Case 3:24-mj-71434-MAG   Document 1   Filed 09/26/24   Page 5 of 8

PROB12(C)  
Name of Offender: Luis Avila  
Docket No.: 23CR00264-001-KSC

October 23, 2023  
Page 3

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On June 20, 2023, Mr. Avila commenced his probation. Mr. Avila admitted his first drug test on June 20, 2023, would screen positive for cannabinoids due to him using marijuana prior to his sentencing. As alleged, Mr. Avila admitted to additional marijuana use on August 20, 2023. In response to his noncompliance and due to his consistent marijuana use since his arrest on January 30, 2023, Mr. Avila was placed in the random drug testing regimen. The Court modified Mr. Avila's condition to include participation in outpatient drug treatment. Mr. Avila was directed to enroll in outpatient drug treatment at McAlister Institute, Inc., but he never enrolled as directed. Additionally, Mr. Avila failed to report for drug testing on four occasions. Attempts to reach Mr. Avila by phone to address his noncompliance with drug testing were unsuccessful.

On October 5, 2023, the probation officer located Mr. Avila at his residence to address his noncompliance with drug testing. During the home visit, a knife, pellet pistol, and pellet rifle were seized after being observed in plain view at his residence. Mr. Avila was verbally reprimanded and instructed to not possess any dangerous weapons while on supervision. The probation officer directed Mr. Avila to report to the office to submit a drug test on October 5, 2023, but he failed to report as instructed. Attempts to contact Mr. Avila by phone were again unsuccessful.

Given the above information, his adjustment to supervision is considered poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

The presentence report was waived in this case, and there is limited information regarding Mr. Avila's background. Mr. Avila resides in Chula Vista, California with his uncle at his automotive shop. There is a small living space on the property where Mr. Avila resides.

Mr. Avila reports having a history of weekly marijuana use prior to his arrest. Mr. Avila submitted four positive drug tests for marijuana while under pretrial supervision, and two positive drug tests while on probation. Drug testing requirements confirm Mr. Avila has been using marijuana consistently since he was released on bond in February 2023. Mr. Avila reported no history of any other illicit drug use.

Mr. Avila reports being employed full-time by a private security company, and part-time with another security company for events.

Criminal records check revealed that Mr. Avila has no prior arrests.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation the court may continue probation, extend the term of probation, modify the conditions of supervision, or revoke probation and resentence under Subchapter A. 18 U.S.C. § 3565 (a) (1) and (2).

If probation is revoked, the maximum term of imprisonment is 3 months. 18 U.S.C. § 3.

PROB12(C)

| | |
|---|---|
| Name of Offender: Luis Avila | October 23, 2023 |
| Docket No.: 23CR00264-001-KSC | Page 4 |

**USSG Provisions**: The offense of conviction is a Class B misdemeanor; therefore, pursuant to USSG § 1B1.9, the Sentencing Guidelines do not apply.

## IMPOSITION OF SUPERVISED RELEASE

**Statutory Provisions**: The offense of conviction is a Class B misdemeanor; therefore, there is no available term of supervised release. 18 U.S.C. § 3583(b)(3).

**USSG Provisions**: The offense of conviction is a Class B misdemeanor; therefore, pursuant to USSG § 1B1.9, the Sentencing Guidelines do not apply.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Avila has failed to follow directives and avail himself to supervision, which presents a risk of flight. Therefore, a no-bail bench warrant is recommended to ensure his presence before the Court.

## RECOMMENDATION/JUSTIFICATION

Mr. Avila has breached the Court's trust with his ongoing drug use, failure to comply with drug testing, and failure to participate in drug treatment. Additionally, Mr. Avila failed to avail himself to supervision and follow directives. If the allegations are sustained, it is respectfully recommended Mr. Avila's probation be revoked and he be sentenced to 60 days' custody (he has 9 days of official detention credit). The offense of conviction is a Class B misdemeanor, therefore, there is no available term of supervised release pursuant to 18 U.S.C. § 3583(b)(3).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 23, 2023

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by  *Michael Porta*

Michael Porta
U.S. Probation Officer
(619) 409-5124

Reviewed and approved:

*Kasey M. McCoskery*

Kasey M. McCoskery
Supervisory U.S. Probation Officer

mtn

Case 3:23-cr-00264-KSC Document 76 (Court only) Filed 10/26/23 PageID.242 Page 5 of 6
Case 3:24-mj-71434-MAG Document 1 Filed 09/26/24 Page 7 of 8
PROB12CW
October 23, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Avila, Luis

2. **Docket No. (Year-Sequence-Defendant No.):** 23CR00264-001-KSC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

    The offense of conviction is a Class B misdemeanor; therefore, pursuant to USSG § 1B1.9, the Sentencing Guidelines do not apply.

4. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | _____ | Community Confinement | _____ |
    | Fine ($) | _____ | Home Detention | _____ |
    | Other | _____ | Intermittent Confinement | _____ |

Case 3:23-cr-00264-KSC Document 76 (Court only) Filed 10/26/23 PageID.243 Page 6
Case 3:24-mj-71434-MAG Document 1 Filed 09/26/24 Page 8 of 8
of 6

PROB12(C)

Name of Offender: Luis Avila  October 23, 2023
Docket No.: 23CR00264-001-KSC  Page 6

---

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____  10/26/2023
The Honorable Karen S. Crawford  Date
U.S. Magistrate Judge